IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERAUN MCRAE (K-61437), ) | |
|     Plaintiff, ) | |
| ) | Case No. 13 C 8028 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| ROGER COMER, et al., ) | |
|     Defendants. ) | |

## ORDER

    Plaintiff Jeraun McRae's proposed amended complaint [39] and defendant Roger Comer's motion to dismiss, or in the alternative, to stay proceedings based on the doctrine of abstention [31] are before the court. McRae is granted leave to file his amended complaint. The amended complaint supercedes the original complaint. Thus, defendant's motion to dismiss or stay [31] is denied as moot. McRae may proceed with his claims against defendant Comer. McRae may also proceed with his claim that defendant O'Reilly violated his privilege against self-incrimination. All other claims and all other parties are dismissed, including any claims against the prosecutors and public defenders involved in McRae's criminal trial. All claims that were dismissed without leave to replead are preserved for possible appeal. McRae need not and should not repeat them in any future filings. This case will be stayed pending the resolution of McRae's state criminal appeal. The stay will go into effect after additional defendant O'Reilly has been served and the return of service is filed. The parties shall inform the court when McRae's state court criminal appeal has concluded. Defendant Comer has already been served. The United States Marshals Service is appointed to serve O'Reilly. The Clerk is directed to mail a blank USM-285 form to McRae. A completed USM-285 form is required to serve O'Reilly. The Marshal will not attempt service unless and until the required form is received. McRae must therefore complete and return the service form within thirty days of the date of this order. The Marshal shall make all reasonable efforts to effect service. If O'Reilly can no longer be found at the work address provided by McRae, counsel for defendant Comer shall furnish the Marshal with O'Reilly's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the court's file nor released by the Marshal. McRae's motion for recruitment of counsel [43] is denied without prejudice in light of the stay. McRae may renew his motion when the stay is lifted.

## STATEMENT

    McRae's amended complaint and Comer's motion to dismiss or stay McRae's original complaint are before the court. For the following reasons, McRae is granted leave to file his amended complaint, which states claims for false arrest, false imprisonment, and malicious prosecution against defendant Comer. The amended complaint also states a Fourth Amendment search and seizure claim against Comer. Finally, McRae has stated a claim against O'Reilly for

violation of McRae's privilege against self-incrimination. All other claims and all other parties are dismissed pursuant to 28 U.S.C. § 1915A, including any claims against the prosecutors and public defenders involved in plaintiff's criminal trial. Summons shall issue as to unserved defendant O'Reilly. After he has been served, this case shall be stayed pending completion of McRae's state court criminal proceedings.

## A.     Background

Plaintiff Jeraun McRae is incarcerated in the Vandalia Correctional Center. He filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges that he was subjected to false arrest, false imprisonment, and malicious prosecution due to the actions of Cook County Sheriff Police Narcotics Unit Officer Roger Comer. McRae was arrested on March 12, 2012, after Comer and other officers (Cook County Sheriff's Officers Gary, O'Reilly, Gutter, Aguirre, Gordon, Byrnes, and Rosario) carried out a search warrant at an apartment located at 5200 South Harper Avenue. McRae was present at the apartment, although he alleges in the instant lawsuit that he did not live there and was not staying there for any period of time. McRae was charged with three counts of unlawful use of weapons and one count of possession of a controlled substance. After a bench trial, he was convicted of the weapons counts, acquitted of the drug possession charge, and sentenced to six years in prison.

Following an initial review of McRae's original complaint, this court dismissed a number of defendants and allowed the case to proceed against Comer only. (*See* Dkt. Nos. 11, 12.) Subsequently, Comer filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, to stay the proceedings on abstention grounds. (Dkt. No. 31.) Although McRae was given an opportunity to respond and the court extended the deadline for him to do so (Dkt. Nos. 33 and 37), McRae did not file a response. Instead, he submitted a prolix amended complaint that appears chiefly aimed at reviving a previously dismissed claim against his defense counsel (an assistant public defender).

## B.     McRae's Amended Complaint – Screening Pursuant to 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A(a), the court must screen § 1983 complaints filed by prisoners and dismiss them if they are frivolous or malicious, fail to state a claim for which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). McRae's cumbersome pleading has made the court's task of screening the amended complaint unduly difficult. *See* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). The amended complaint attempts to state a myriad of claims against numerous defendants, some of whom were previously dismissed upon this court's initial screening of the original complaint.

2

1.  **Standard of Review**

Courts screen prisoner litigation claims under § 1915A in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love* , 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The short and plain statement required by Fed. R. Civ. P. 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (internal citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665–66 (7th Cir. 2013). Also, it is well-established that courts construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation and internal quotation marks omitted).

2.  **Section 1983 Claims**

    a.  **Comer**

Generally, in order to state a cognizable § 1983 claim, a plaintiff must allege that: (1) a person acting under color of state law engaged in conduct that (2) deprived him of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Collins v. Johnson*, No. 98 C 6682, 1999 U.S. Dist. LEXIS 7243, at *3 (N.D. Ill. May 12, 1999) (quoting 42 U.S.C. § 1983). The court will construe the allegations in the amended complaint liberally given McRae's *pro se* status. McRae alleges that Comer arrested him without probable cause. McRae also challenges the validity of the search warrant that led to his arrest, contending it was obtained based on information Comer knew or should have known was inaccurate and unreliable. McRae brings claims for false arrest, false imprisonment, and malicious prosecution.

Comer's motion to dismiss McRae's original complaint was largely premised on his belief that McRae failed to include allegations challenging the validity of the search warrant. The amended complaint, however, makes clear that McRae is alleging that his arrest was unlawful because it was the result of an invalid search warrant.

McRae also alleges that Comer perjured himself when he testified at McRae's state court preliminary hearing and trial. McRae largely complains about Comer's trial testimony indicating that McRae was named in the search warrant. A transcript of proceedings before the

state court attached to the amended complaint, however, shows that during cross-examination, Comer agreed that McRae's name was not on the search warrant. (*See* Dkt. No. 39, pg. 157). In any event, witnesses, including police officers testifying for the prosecution in a criminal trial, have absolute immunity from damage suits based on their testimony. *Averhart v. City of Chicago*, 114 Fed. App'x 246, 249 (7th Cir. 2004). Therefore, to the extent McRae seeks relief pursuant to § 1983 based on Comer's alleged perjury, that claim is dismissed.

In contrast, McRae's claims for false arrest and false imprisonment against Comer state a claim for which relief may be granted so he may proceed with these claims. With respect to McRae's malicious prosecution claim against Comer, the favorable termination of the underlying criminal proceedings is an element of this claim. Thus, McRae may proceed only with a malicious prosecution claim based on the drug possession charge of which he was acquitted. *See Trusty v. McCall*, 99 C 3992, 1999 U.S. Dist. LEXIS 15042, at *6 (N.D. Ill. Sept. 24, 1999) (holding that a plaintiff may successfully plead a cause of action for malicious prosecution where the plaintiff bases the claim on charges for which he was acquitted, even if he was found guilty of another charge in the same proceeding). He may not proceed with a malicious prosecution claim based on the weapons charges as he was not acquitted of these charges.

### b. Assisting Officers – Search and Seizure Claims

McRae also filed suit against multiple officers who were assigned to assist Comer in carrying out the search (Cook County Sheriff's Officers Gary, O'Reilly, Gutter, Aguirre, Gordon, Byrnes, and Rosario). McRae asserts that these officers (as well as Comer) carried out an unlawful search and seizure, and in particular unlawfully searched his bookbag and seized his mail, birth certificate, and other items without his consent or a lawful warrant. The amended complaint is thinly pleaded in regard to the role the other officers played in carrying out the search. Construed liberally, McRae appears to be alleging that there was no probable cause for his arrest because the affidavit supporting the search warrant that led to his arrest contained intentionally false representations.

The Fourth Amendment requires that a warrant be supported by probable cause, and that it describe, with particularity, the place to be searched and the items to be seized. *Jones v. Wilhelm*, 425 F.3d 455, 462 (7th Cir. 2005); *see Guzman v. City of Chicago*, 565 F.3d 393, 396 (7th Cir. 2009) ("In evaluating an alleged violation of the Warrant Clause of the Fourth Amendment, we look at two distinct aspects of the warrant – its issuance and its execution.") A warrant request violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements, and those false statements were necessary to the determination that the warrant should issue. *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003).

As to the officers who carried out the search, McRae alleges only that they "were assigned to assist investigator Roger Comer in executing the search to the residence of 5200 S. Harper Ave., Apt. 102, Chicago, IL, 60615 on the date of March 12, 2012." (*See* Dkt. No. 39, Am. Compl., ¶ 4.) McRae also alleges that the assisting officers "seized his money/currency,

4

state identification, Debit and Bank cards from [him] and did not return them," that "[d]efendants unlawfully searched plaintiff['s] Bookbag and seized his mail, birth certificate, and cameras without plaintiff[']s consent, and without [a] warrant;" and that "[d]efendants unlawfully seized plaintiff['s] state identification, currency, Debit, and Bank cards, birth certificate, mail, and cameras, and used them as evidence against him." (*Id.* at ¶ 64.)

McRae attached a copy of the search warrant to his initial complaint so it is clear that the search was conducted pursuant to a warrant. (*See* Dkt. No. 1, at p. 30-31.) Investigator Comer signed the affidavit. As he was the requesting officer, McRae may proceed with a Fourth Amendment complaint against Comer on the basis that Comer allegedly procured a warrant that he knew was not supported by probable cause. McRae's allegations, however, are insufficient to state a wrongful search and seizure claim against the assisting officers (Cook County Sheriff's Officers Gary, O'Reilly, Gutter, Aguirre, Gordon, Byrnes, and Rosario). Thus, McRae may not proceed with search and seizure claims against these officers.

### c. O'Reilly – Violation of the Privilege Against Self-Incrimination

Next, McRae alleges that O'Reilly, at the direction of Comer, arrested him without probable cause and transported him to the Markham police station. While O'Reilly was transporting McRae, O'Reilly attempted to question McRae, who refused to speak and requested a lawyer. At the police station, O'Reilly again attempted to question McRae, who again requested a lawyer. McRae asserts that O'Reilly pressured him to speak and presented him with a pre-written statement that O'Reilly asked him to sign. McRae refused to do so. Instead, he signed the portion of the form asking him to agree that he understood his rights.

McRae's pleading is not a model of clarity. However, the transcript of his trial (which McRae submitted with his amended complaint) clarifies that prosecutors alleged that McRae waived his *Miranda* rights and gave a voluntarily statement to O'Reilly in Comer's presence. Comer testified at McRae's trial that McRae gave a statement in which McRae said that he possessed the gun found in the search and that he had stayed at the apartment (and in the bedroom where the drugs and gun were found) while he went to school. (*See* Dkt. No. 39, pp. 145-146).

The failure to give *Miranda* warnings during a custodial interrogation is not by itself a Fifth Amendment violation. *Hoeft v. Anderson*, 409 Fed. App'x 15, 17 (7th Cir. 2011) (citing *Hanson v. Dane Cnty., Wis.*, 608 F.3d 335, 339-40 (7th Cir. 2010)). Rather, the government violates a suspect's privilege against self-incrimination only if it introduces the unwarned statement into evidence during pretrial or trial proceedings. *Id.* (citing *Sornberger v. City of Knoxville, Ill.,* 434 F.3d 1006, 1026-27 (7th Cir. 2006)). Read liberally, McRae's amended complaint states a claim against O'Reilly based on O'Reilly's purported elicitation of unwarned statements that were used against McRae at trial. Therefore, McRae will be allowed to proceed with his claim that O'Reilly violated his privilege against self-incrimination.

5

####    d.      Cook County Sheriff Tom Dart

McRae alleges that Cook County Sheriff Tom Dart is ultimately responsible for training and supervising the Cook County Sheriff officers who executed the search warrant that led to his arrest. McRae does not allege that Dart personally deprived him of his constitutional rights. Liability under § 1983 requires personal involvement in the alleged constitutional violation. *See Matz v. Klotka*, 769 F.3d 517, 2014 U.S. App. LEXIS 19074, at *23 (7th Cir. 2014). Further, a plaintiff may not rely on the doctrine of *respondeat superior* to hold a supervisory official liable for the misconduct of his subordinates. *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614–15 (7th Cir. 2002). Thus, the claim against Dart is dismissed.

####    e.      State Court Prosecutors

Additionally, McRae attempts to revive his claim against Assistant State's Attorney Kwilos. The court dismissed this claim when it screened McRae's original complaint. (*See* Dkt. 11.) For the reasons stated in that order, Kwilos is immune from suit, as are several other prosecutors named for the first time in the amended complaint (McGuire, Reyna, Hollard, Pettarozzi, and Pressling). *See Srivastava v. Newman*, 12 Fed. App'x 369, 371 (7th Cir. 2001) ("Prosecutors are absolutely immune, both individually and in their official capacities, from liability under § 1983 for evaluating evidence, initiating a prosecution and presenting the State's case.") (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). Therefore, the claims against the state court prosecutors are dismissed.

####    f.      McRae's Attorney in the State Court Proceedings

McRae also seeks to revive his claim against his state court defense attorney, Assistant Public Defender Lorne Gorelick. Gorelick was previously dismissed from this suit because public defenders are not state actors who may be sued under § 1983. In his amended complaint, McRae alleges that Gorelick conspired with prosecutors, who are state actors. He then reasons that this alleged conspiracy brings Gorelick within the scope of § 1983. McRae's use of the term "conspiracy" does not mean that he has stated a claim for conspiracy. *See Srivastava v. Cottey*, 83 Fed. App'x 807, 810 (7th Cir. 2003); *see Reginald v. Bakalis*, No. 13 C 0390, 2013 U.S. Dist. LEXIS 186249, at *5-*7 (N.D. Ill. Jan. 22, 2013) (dismissing complaint that alleged conspiracy without providing any factual foundation for that claim). Regardless of McRae's characterization of his claim against Gorelick, he is continuing to attempt to bring an ineffective assistance of counsel claim against his former attorney. He cannot do so as part of a § 1983 action. His claim against Gorelick is dismissed.

### C.     *Heck v. Humphrey*

The court recognizes the possibility that certain of McRae's claims may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a § 1983 plaintiff may not proceed with a claim if a favorable ruling "would necessarily imply the invalidity of his conviction and sentence" unless and until "the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. In this case, McRae has not made this showing as to the weapons charges of which he was convicted, as his convictions are currently on appeal.

As to McRae's Fourth Amendment claims, including the false arrest and wrongful search and seizure claims, the Seventh Circuit has held that Fourth Amendment claims do not necessarily imply the invalidity of a criminal conviction. *See Easterling v. Moeller*, 334 Fed. App'x 22, 23–24 (7th Cir. 2009). Thus, Fourth Amendment claims generally accrue at the time of injury and are not barred by *Heck*. Similarly, a claim that a plaintiff gave incriminating statements in violation of his Fifth Amendment rights does not necessarily imply the invalidity of his conviction. *See Edmondson v. Desmond*, No. 12 C 889, 2013 U.S. Dist. LEXIS 88270, at *6–*7 (E.D. Wis. June 24, 2013). From the record currently before this court, and in the absence of any briefing on these issues, the court declines to determine the applicability of the *Heck* doctrine at this stage of the case.

### D.     Comer's Motion to Dismiss or Stay

Defendant Comer's motion to dismiss or stay is denied as moot because it was directed at the original complaint, which was superceded by the amended complaint. *See Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014). The court nevertheless acknowledges Comer's argument that this case should be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), in light of the pendency of McRae's criminal appeal. *See Barichello v. McDonald*, 98 F.3d 948, 950 (7th Cir. 1996) (affirming the district court's sua sponte invocation of *Younger* abstention). McRae did not responded to Comer's request to stay proceedings, although the court set a briefing schedule that afforded him the opportunity to do so.

In *Younger*, the United States Supreme Court held that federal courts should refrain from enjoining state court proceedings except in special circumstances. 401 U.S. at 41. In the context of § 1983 proceedings, the Seventh Circuit has held that *Younger* is appropriate when proceeding with a federal action alleging constitutional claims would have a substantially disruptive effect on ongoing state criminal proceedings. *See, e.g., Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995). In *Simpson*, the plaintiff sought damages for injuries allegedly caused by the warrantless search of his apartment and his unlawful arrest. *Id.* at 138. The plaintiff's murder conviction was then on appeal to the Illinois Supreme Court, and the Seventh Circuit found that "the potential for federal-state friction is obvious." *Id.* Therefore, the court held that a stay of the claims was appropriate pending completion of the state court proceedings. *Id.; see Robinson v. Lother*, 04 C 2382, 2004 U.S. Dist. LEXIS 17659, at *5-*6 (N.D. Ill. Aug. 31, 2004) (observing that if a § 1983 suit concluded before the plaintiff's state court criminal proceedings, it could undermine or prevent the state court's consideration of certain issues).

As in *Simpson*, McRae's § 1983 action raises constitutional issues that are likely to be addressed by the Illinois courts in his criminal appeal. It is clear from McRae's amended complaint that he intends to raise issues in his federal case that relate to the execution of the

7

search warrant. McRae's constitutional claims about the warrant are a central part of this case and the interests of justice will not be served by proceeding piecemeal. Accordingly, this case is stayed pending the outcome of McRae's criminal appeal and any decision by the Illinois Supreme Court on a potential petition for leave to appeal, should McRae's convictions be affirmed.

**E.	Service of Process**

Prior to the stay going into effect, the Clerk shall issue summonses for service of the Amended Complaint upon O'Reilly. The United States Marshals Service is appointed to serve defendant. The Clerk is directed to mail McRae a blank USM-285 form. The court advises McRae that a completed USM-285 form is required for each named defendant. The Marshal will not attempt service on O'Reilly unless and until the required forms are received. McRae must therefore complete and return the forms within thirty days of the date of this order.

The U.S. Marshal is directed to make all reasonable efforts to serve O'Reilly. If he can no longer be found at the work address provided by McRae, counsel for Comer shall furnish the Marshal with O'Reilly's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the court's file nor released by the Marshal.


Dated: February 4, 2015		/s/ Joan B. Gottschall
				United States District Court Judge